IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**BERNARD L. MOORE**                                                                                      **PLAINTIFF**

v.                                                                                                                                  No. 3:23CV72-SA-DAS

**UNITED STATES BUREAU OF PRISONS, ET AL.**                        **DEFENDANTS**

ORDER *DISMISSING* CASE FOR FAILURE TO STATE
A CLAIM UPON WHICH RELIEF COULD BE GRANTED

On October 17, 2023, the court issued an order [11] for the plaintiff to show cause why the instant case should not be dismissed with prejudice for failure to state a claim upon which relief could be granted. The plaintiff has not responded to the show cause order, and the deadline to do so has expired. For the reasons set forth below, the instant case will be dismissed for failure to state a valid constitutional claim.

The plaintiff, a federal inmate formerly housed in the Tallahatchie County Correctional Facility (a privately owned facility housing state and federal inmates) alleges that the defendants failed to provide him with medical treatment after he slipped and fell in a puddle of water in his cell, resulting in injuries to his head and back. Doc. 5 (amended complaint). He has named four defendants: (1) the United States Bureau of Prisons ("BOP"), (2) the United States Marshal Service ("USMS"), (3) Tallahatchie Correctional ("TCCF"), and (4) Tallahatchie Correctional Medical ("Medical"). As discussed below, the BOP and USMS will be dismissed, as these defendants played no part in either the slip and fall or the provision of medical treatment afterwards. In addition, neither TCCF nor Medical is a proper defendant in this case. As the plaintiff has not stated a valid claim against any defendant, this case will be dismissed with prejudice.

### No Participation in the Incident: BOP and USMS

The plaintiff implies that he was being held in the Tallahatchie County Correctional Facility at the behest of the USMS and the BOP. For a plaintiff to state a valid claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). However, neither of these defendants had any involvement with rain leaking into the plaintiff's cell – or whether he received medical care after slipping in the resulting water puddle. As such, USMS and BOP will be dismissed with prejudice from this case for failure to state a claim against them upon which relief could be granted.

### Improper Defendants: TCCF and Medical

An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). In Mississippi, jails and prisons are not amenable to civil suit. *Campbell v. Thompson*, 2015 WL 5772535 (S.D. Miss.), *Simmons v. Harrison County Sheriffs Dept.*, 2015 WL 4742381 (S.D. Miss.) Hence, under Mississippi law, neither TCCF (a prison) nor Medical (a part of the prison) has the capacity to be sued under 42 U.S.C. § 1983, and they will be dismissed with prejudice from this case for that reason.

**SO ORDERED**, this, the 14th day of November, 2023.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE